UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Bernard Addison,           )<br>                                  )<br>                                  )<br>            Plaintiff,           )<br>                                  )<br>v.                                )<br>                                  )<br>Chesterfield County Sheriff Department,  )<br>Investigator Wayne Jordan,        )<br>                                  )<br>            Defendants.           )<br>                                  ) | C/A No.   4:12-cv-02543-RBH-KDW<br><br><br><br>REPORT AND RECOMMENDATION |

Plaintiff James Bernard Addison ("Plaintiff" or "Addison"), an inmate at Evans Correctional Institution, filed this 42 U.S.C. § 1983 action alleging that Defendants violated his constitutional rights. This matter is before the court on the Motion for Summary Judgment filed by Defendants on May 13, 2013. ECF No. 50. As Plaintiff is proceeding pro se, the court entered a *Roseboro* order[1] on May 14, 2013, advising Plaintiff of the importance of such motions and of the need for him to file an adequate response. ECF No. 52. Plaintiff responded to Defendants' Motion for Summary Judgment on June 4, 2013, ECF No. 59, and Defendants filed a reply to Plaintiff's response on June 14, 2013, ECF No. 61. This case was referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. Because Defendants' motion is dispositive, a Report and Recommendation is entered for the court's review.

---

[1] The court entered a "*Roseboro* order" in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (requiring the court provide explanation of dismissal/summary judgment procedures to pro se litigants).

I.      Factual and Procedural Background

Plaintiff filed his Complaint on September 4, 2012, and contends that on May 17, 2012 he was arrested and charged with Burglary 2nd Degree and Grand Larceny. ECF No. 1 at 3. Plaintiff alleges that he was taken to the Chesterfield County jail and issued a $10,000 cash surety bond. *Id.*  Plaintiff contends that he was held in the County Jail for 42 days and then issued a $10,000 personal recognizance bond and was released pending trial. *Id.* at 3-4. Plaintiff alleges that following the bond hearing Defendant Jordan told Plaintiff that his charges would be dropped because "they located and arrested one individual who actually committed the crime plaintiff was arrested for." *Id.* at 4. Plaintiff contends that his charges were disposed of on January 6, 2012. *Id.*  Plaintiff seeks compensatory damages in the amount of $6,400, punitive damages in the amount of $75,000, injunctive relief, attorney fees and costs.   ECF No. 1-2 at 1.

II.     Standard of Review

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions,

interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case*, see, e.g.*, *Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

III.   Analysis

   A.   Defendants' Motion for Summary Judgment

      1. False Arrest

Plaintiff seeks damages in this case arguing that he was "arrested and charged for felonies that he was not guilty of." ECF No. 1 at 5. Defendant Investigator Wayne Jordan contends that Plaintiff's federal claims should be dismissed because probable cause existed to arrest Plaintiff. ECF No. 51 at 4-5. In support of this argument, Jordan offers his own affidavit and attests that Plaintiff was arrested in connection with a burglary of a residence that occurred on May 16, 2011. Jordan Aff. ¶ 1, ECF No. 51-1 at 1-4. Jordan avers that,

after a witness notified 911 concerning the burglary, Chesterfield County Sheriff's Department officers were sent to the location and a bloodhound team attempted to track the suspects. Jordan Aff. ¶¶ 3-5. Jordan states that the suspects were tracked to Darlington County and then the bloodhounds were called off. Jordan Aff. ¶ 5. Jordan attests that one of the suspects was arrested at a residence located about one mile from where the bloodhounds stopped tracking, and that Plaintiff was detained at the same residence "shortly thereafter." Jordan Aff. ¶ 5. Jordan avers that the witness who reported the burglary was taken to the residence where Plaintiff was being detained, and the witness identified Plaintiff as one of the persons she saw leaving the yard of the home that was burglarized. Jordan Aff. ¶ 6. Jordan argues that the "totality of the circumstances," together with the eyewitness identification, led him to believe "there was probable cause to arrest [Plaintiff] for the burglary of the residence . . . and larceny." Jordan Aff. ¶ 7. Jordan states that before he arrested Plaintiff he consulted with a Deputy Solicitor concerning Plaintiff's arrest, who concurred with Jordan's opinion about the existence of probable cause, and Plaintiff was arrested. Jordan Aff. ¶ 7.[2]

Plaintiff disagrees that probable cause existed to support his May 16, 2011 arrest. ECF No. 59. Plaintiff argues that he went to Delonta Byrd's [initial suspect] home to pick up some money for his sister, and that when "he pulled into the residence," Delonta Byrd was being arrested. *Id.* at 1. Plaintiff contends that he exited his vehicle and he asked the officers "what was going on," and then he returned to his vehicle but was stopped before he could enter his vehicle and was arrested. *Id.* Plaintiff alleges that he "protest[ed] his innocence" but was taken to Chesterfield County jail and given a surety bond. *Id.* at 2. Plaintiff alleges

---

[2] The undersigned notes that Defendants do not provide a copy of police reports or any witness statements concerning the incident for the court's review.

that he had a second bond hearing on June 27, 2011, and after he was bonded out he was told by Defendant Jordan that "the charges would be drop[ped], but it is going to take some time." *Id.* Plaintiff also alleges that he was never told there was an eye witness who could identify him as a suspect, and argues there is no witness statement stating that Plaintiff burglarized the residence. *Id.* at 4. Plaintiff challenges Defendant Jordan's contention that he consulted with the Deputy Solicitor concerning the existence of probable cause prior to Plaintiff's arrest, arguing that he was already detained prior to Defendant Jordan contacting the Deputy Solicitor. *Id.* Plaintiff contends that Defendants' summary judgment motion should be denied because there was not probable cause to arrest Plaintiff or detain him for 42 days. *Id.* at 6.

Under Supreme Court precedent, "a warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed." *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). Probable cause exists if the "facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person . . . in the circumstances shown, [to conclude] that the suspect has committed, is committing, or is about to commit an offense." *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979). "The validity of the arrest does not depend on whether the suspect actually committed a crime; the mere fact that the suspect is later acquitted of the offense for which he is arrested is irrelevant to the validity of the arrest." *Id.* at 36.

"In assessing the existence of probable cause, courts examine the totality of the circumstances known to the officer at the time of the arrest." *Taylor v. Waters*, 81 F.3d 429, 434 (4th Cir. 1996). "Probable cause requires more than 'bare suspicion,' but requires less than evidence necessary to convict." *Porterfield v. Lott*, 156 F.3d 563, 569 (4th Cir. 1998)

5

(internal citations omitted). Reasonable law officers need not "resolve every doubt about a suspect's guilt before probable cause is established." *Torchinsky v. Siwinsky*, 942 F.2d 257, 264 (4th Cir. 1991). As a result, in order to prove an absence of probable cause, Plaintiff "must allege a set of facts which made it unjustifiable for a reasonable officer to conclude" Plaintiff was involved in the charged offense. *Brown v. Gilmore*, 278 F.3d 362, 368 (4th Cir. 2002).

In the case at hand, Plaintiff has failed to allege facts to support his claim that it was unjustifiable for Defendant Jordan to arrest him. The undersigned finds that the totality of the facts and circumstances within Defendant Jordan's knowledge on May 16, 2011 -- that Plaintiff was found at a home located approximately one mile from where the bloodhounds stopped tracking and where another individual was arrested earlier for this same burglary, and that Plaintiff was identified as one of three individuals seen leaving the yard of the home where the burglary occurred -- was sufficient to warrant a prudent or reasonable person to believe that Plaintiff had committed the criminal offense for which he was arrested. Based upon this information, Defendant Jordan had probable cause to arrest Plaintiff and the undersigned recommends that Defendants be granted summary judgment on this claim.

    2. Qualified Immunity

Defendant Jordan moves, in his individual capacity, for summary judgment arguing that he is entitled to qualified immunity from suit. ECF No. 51 at 6-10. The Supreme Court in *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982), established the standard that the court is to follow in determining whether a defendant is protected by this immunity. That decision held that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established

statutory or constitutional rights of which a reasonable person would have known.  *Harlow*, 457 U.S. at 818.

When evaluating a qualified immunity defense, the court must determine (1) whether the facts alleged, taken in the light most favorable to the plaintiff, show that the defendants' conduct violated a constitutional right, and (2) whether that right was clearly established at the time of the alleged misconduct.  *Pearson v. Callahan*, 555 U.S. 223, 232 (2009).  The two prongs of the qualified immunity analysis may be addressed in whatever order is appropriate given the circumstances of the particular case.  *Id.* at 236.  In determining whether the right violated was clearly established, the court defines the right "in light of the specific context of the case, not as a broad general proposition."  *Parrish v. Cleveland*, 372 F.3d 294, 301. (4th Cir. 2004). "If the right was not clearly established in the specific context of the case – that is, if it was not clear to a reasonable officer that the conduct in which he allegedly engaged was unlawful in the situation he confronted – then the law affords immunity from suit." *Id.*  (citations and internal quotation omitted).

Here, the record shows that Defendant Jordan did not transgress any statutory or constitutional rights of Plaintiff in the discretionary exercise of his professional judgment. Thus, to the extent the district judge finds that a constitutional violation occurred, the undersigned recommends that Defendant Jordan be granted qualified immunity.

3.   Defendant Chesterfield County Sheriff Department is not subject to § 1983 suit

Defendant Chesterfield County Sheriff Department argues that it should be dismissed as a Defendant in this case as it is not a  "person" subject to suit under § 1983.  ECF No. 51 at 10.  Plaintiff agrees that Chesterfield County Sheriff Department is "a group of buildings

7

or a facility," but argues that Chesterfield County Sheriff Department is responsible for the actions of its agencies or "any agencies associated with them." ECF No. 59 at 5.

It is well settled that only persons may act under color of state law, and, therefore, a defendant in a § 1983 action must qualify as a person. Defendant Chesterfield County Sheriff Department is a group of buildings or facilities, and as an inanimate object, cannot act under color of state law. *See Jones v. Lexington Cnty. Det. Ctr.*, 586 F. Supp. 2d 444, 451 (D.S.C. 2008) (finding Lexington County Detention Center is a physical institution that is not subject to liability under § 1983). Accordingly, it is recommended that Defendant Chesterfield County Sheriff Department's Motion for Summary Judgment be granted.

4.  State Law Claims

Having found that Defendants are entitled to summary judgment regarding Plaintiff's constitutional claims, it is recommended that the court decline to exercise supplemental jurisdiction over any claim for relief asserted pursuant to state law. *See* 28 U.S.C. § 1367(c)(3).

IV.  Conclusion and Recommendation

Based on the foregoing, it is recommended that Defendants' Motion for Summary Judgment, ECF No. 50, be GRANTED.

IT IS SO RECOMMENDED.

November 15, 2013                                              Kaymani D. West
Florence, South Carolina                                    United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**