IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| James Bernard Addison,            )<br>                                              )<br>       Plaintiff,                         )<br>                                              )<br>v.                                          )<br>                                              )<br>Chesterfield County Sheriff Department;  )<br>Investigator Wayne Jordan,           )<br>                                              )<br>       Defendants.                     )<br>_____) | Civil Action No.: 4:12-cv-02543-RBH-KDW<br><br><br><br>**ORDER** |

Plaintiff James Bernard Addison, ("Plaintiff"), a self-represented state prisoner, brought this civil action pursuant to 42 U.S.C. § 1983 on September 4, 2012. Compl., ECF No. 1. Defendants Chesterfield County Sheriff Department and Investigator Wayne Jordan ("Defendants") filed a motion for summary judgment on May 13, 2013. This matter is before the Court after the issuance of the Report and Recommendation ("R & R") of United States Magistrate Judge Kaymani D. West.[1] R & R, ECF No. 66. In the R & R, the Magistrate Judge recommends that the Court grant Defendants' motion for summary judgment. Plaintiff timely filed objections to the R & R on December 3, 2013. Pl.'s Objections, ECF No. 68.

For the following reasons, this Court adopts the Magistrate Judge's recommendation.[2]

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling. The Magistrate Judge's review of Plaintiff's complaint was conducted pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court is mindful of its duty to liberally construe the pleadings of *pro se* litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *but see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

[2] The facts of this case, including citations to the record, are discussed thoroughly in the Magistrate Judge's R & R. *See* R & R at 2. Briefly stated, Plaintiff alleges that his constitutional rights were violated because he was arrested without probable cause. ECF No. 1 at 2–4. He seeks injunctive relief and damages arising out of this alleged improper arrest. ECF No. 1-2 at 1.

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The district court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court reviews only for clear error in the absence of a specific objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

**DISCUSSION**

The Magistrate Judge recommends that the Court grant Defendants' motion for summary judgment. Specifically, the Magistrate Judge recommends finding that Plaintiff has failed to present sufficient evidence to establish that his arrest was without probable cause. ECF No. 66 at 3–6. Moreover, the Magistrate Judge finds that Defendant Jordan is entitled to qualified immunity to the extent Plaintiff's constitutional claim is asserted against him in his individual capacity. *Id.* at 6–7. Next, the Magistrate Judge notes that the Chesterfield County Sheriff Department is entitled to

2

summary judgment on the § 1983 claim because it is not a person subject to suit under the statute. *Id.* at 7–8.  Finally, the Magistrate Judge recommends that, if the federal claim is dismissed, the court decline to exercise supplemental jurisdiction over any remaining state law claims, to the extent any are asserted.  *Id.* at 8.

In response, Plaintiff filed objections to the R & R.  The Court may only consider objections to the R & R that direct it to a specific error.  *See* Fed. R. Civ. P. 72(b); *United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985).  Again, "courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendation."  *Orpiano*, 687 F.2d at 47.  Thus, the Court shall conduct a *de novo* review of those objections it deems proper.

Plaintiff's objections are, for the most part, improper.  The objections largely parrot the allegations of his complaint and the arguments of his response to Defendant's motion.  Plaintiff's only substantive objection appears to assert that there are genuine issues of fact as to whether his arrest was without probable cause, and thus the Magistrate Judge improperly recommended that summary judgment be granted.  *See* ECF No. 68 at 1.  Plaintiff continues to argue that his arrest was warrantless and was made without probable cause, which he asserts violated his constitutional rights.  *Id.*  He claims that the eyewitness police relied on in making the arrest did not identify him, and that because Defendants have not provided an affidavit or statement from this witness, probable cause was necessarily lacking.  *Id.* at 1–2.  Plaintiff then argues that Defendant Jordan should not receive qualified immunity in his individual capacity because he made a warrantless arrest of Plaintiff without probable cause.  *Id.* at 3–4.

3

Plaintiff's objections failed to address the Magistrate Judge's finding that Defendant Chesterfield County Sheriff Department is not subject to a § 1983 suit.  Finding no clear error, the Court adopts the analysis on that theory as its own.  Accordingly, summary judgment is granted on Plaintiff's § 1983 as to Defendant Chesterfield County Sheriff Department.

The Court agrees with the Magistrate Judge that Plaintiff has failed to establish a genuine issue of fact as to whether his arrest was with probable cause.  In support of their motion, Defendants provided a sworn affidavit from Defendant Jordan, the arresting officer, swearing that an eyewitness viewed a burglary and contacted police.  Aff. of Wayne Jordan, ECF No. 51-1 at ¶¶ 3–5.  One suspect was arrested at a residence a mile away from the burglary, in the direction police were tracking the suspects, and police brought the eyewitness out to the scene.  *Id.* at ¶ 5.  The eyewitness identified the Plaintiff as one of the perpetrators.  *Id.* at ¶ 6.  Defendant Jordan testified that at that point he believed he had probable cause to arrest Plaintiff, but out of an abundance of caution he consulted with Deputy Solicitor Kernard Redmond who agreed there was probable cause.  *Id.* at ¶ 7.  Defendants provided an affidavit from the Deputy Solicitor confirming this fact. *See* Aff. of Kernard Redmond, ECF No. 51-2 at ¶¶ 2–3.  The only evidence provided by Plaintiff, aside from conclusory factual allegations, was his unsworn statement attached to his objections, *see* ECF No. 68-1, and a letter from the Chesterfield County Clerk or Court which notes that their records did not contain any witness statements from Annette Johnson ("Johnson"), *see* ECF No. 59-1.  Plaintiff's "affidavit" states that he was not involved in the burglary, and that he was arrested while he was on his way to pick up some money from an individual who resided at the residence where he was arrested.  ECF No. 68-1.

4

The court need not consider this unsworn statement because it was not declared under penalty of perjury. *See* 28 U.S.C. § 1746 (noting that unsworn declarations can satisfy affidavit requirement only if signed under penalty of perjury); *see also Williams v. Sielaff*, 914 F.2d 250, *1 (4th Cir.1990) (unpublished table decision) (noting that statement made under penalty of perjury and declared to be true and correct to the best of declarant's knowledge qualifies as affidavit). However, even if the court were to consider this conclusory and self-serving statement, it does not establish an issue of fact regarding probable cause. The statement does not contradict Defendants' evidence that an eyewitness identified Plaintiff as a perpetrator of a burglary. *See* ECF no. 68-1. Moreover, the letter from the Chesterfield Clerk fails to establish anything beyond the fact that their office did not have a statement from Johnson. *See* ECF No. 59-1. Defendants have not indicated that a written statement was ever taken from Johnson. Instead, their evidence simply notes that she made an in-person identification of Plaintiff. *See* ECF No. 51-1 at ¶ 6. Plaintiff's evidence fails to create an issue with the sworn affidavit testimony of Defendant Jordan regarding the identification from Johnson.

The Court, therefore, agrees with the Magistrate Judge that the evidence presented demonstrated that the warrantless arrest was "reasonable under the Fourth Amendment" because it was "supported by probable cause to believe that a criminal offense has been or is being committed." *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). Accordingly, the Court finds that Defendants' motion for summary judgment on Plaintiff's § 1983 claim for false arrest should be granted. Defendant Jordan's contention that he is entitled to qualified immunity in his individual capacity is therefore moot.

Finally, as the Defendants' motion for summary judgment correctly acknowledges, Plaintiff's complaint, liberally construed, appears to allege state law claims for malicious prosecution and injunctive relief.  *See* ECF No. 1-1 at 1.  Defendants also moved for summary judgment on these claims.  However, this Court has discretion concerning whether to retain supplemental jurisdiction over state law claims after dismissal of the federal claims.  *See* 28 U.S.C. § 1367(c)(3).  The Magistrate Judge recommended the Court decline to exercise supplemental jurisdiction over any claim for relief asserted pursuant to state law.  ECF No. 66 at 8.   Plaintiff does not object to this recommendation, and the Court finds no clear error.  Thus, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims to the extent they are asserted.

## CONCLUSION

The Court has thoroughly reviewed the entire record, including Plaintiff's complaint, the Defendant's motion and Plaintiff's response, the R & R, objections to the R & R, and applicable law.  For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Plaintiff's objections and adopts the Magistrate Judge's R & R.

**IT IS THEREFORE ORDERE**D that Defendants' motion for summary judgment is **GRANTED**.  Plaintiff's constitutional claim is hereby **DISMISSED** with prejudice, and the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state tort claims.

**IT IS SO ORDERED.**

                                s/ R. Bryan Harwell
                                R. Bryan Harwell
                                United States District Judge

Florence, South Carolina
December 20, 2013