IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| James Bernard Addison, ) | Civil Action No.: 4:12-cv-02543-RBH-KDW |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Chesterfield County Sheriff Department; ) | |
| Investigator Wayne Jordan, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff James Bernard Addison, ("Plaintiff"), a self-represented state prisoner, brought this civil action pursuant to 42 U.S.C. § 1983 on September 4, 2012. *See* Compl., ECF No. 1. On December 20, 2013, the Court issued an Order granting Defendants Chesterfield County Sheriff Department and Investigator Wayne Jordan's ("Defendants") motion for summary judgment, and dismissing the case with prejudice. *See* Order, ECF No. 71. Plaintiff subsequently filed a Motion to Alter or Amend the Judgment and a Motion to Stay on January 6, 2014. *See* Mot. to Alter or Amend, ECF No. 79; Mot. to Stay, ECF No. 80. Defendant responded to both of these motions on January 17, 2014, *see* ECF Nos. 85–86, and Plaintiff replied to the responses on January 30, 2014, *see* ECF Nos. 85–86. These motions are presently before the Court.

In his Motion to Alter or Amend, Plaintiff asks the Court to reconsider its Order granting summary judgment. *See* ECF No. 79 at 1–5. Plaintiff asserts that the Court erred in granting summary judgment because: (1) the Court did not properly review whether the facts and circumstances supported a warrantless arrest; (2) he was not given sufficient opportunity to conduct discovery; (3) Defendant Jordan's affidavit was defective because it was conclusory, and he did not submit any evidence, such as a police report or witness statement, supporting the affidavit's

assertions; (4) Defendant Jordan did not present "any exigent circumstances that would justify a warrantless arrest"; (5) the Court improperly stated that Defendant Jordan spoke with Deputy Solicitor Kenard Redmond out of an abundance of caution; (6) Plaintiff was never read his *Miranda* rights; (7) Defendant Jordan is employed by the county, and the Sheriff acted for the county, not state, in investigating crime and was thus subject to 1983 liability.  *See* ECF No. 79 at 1–5.

## I.     Motion to Alter or Amend

### 1.   Rule 59(e) Standard

Motions under Rule 59 of the Federal Rules of Procedure are not to be made lightly; "reconsideration of a previous order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." 12 James Wm. Moore et al., *Moore's Federal Practice* ¶ 59.30[4] (3d ed.); *see also Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) ("In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." (internal quotations and citations omitted)). The Fourth Circuit has held such a motion should be granted for only three reasons: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence; or (3) to correct a clear error of law or prevent manifest injustice. *Collison v. Int'l Chem. Workers Union*, 34 F.3d 233, 235 (4th Cir. 1994) (quoting *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993)). Rule 59 motions "may not be used to make arguments that could have been made before the judgment was entered." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002). Nor are they opportunities to rehash issues already ruled upon because a litigant is displeased with the result. *See Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993) (stating that "mere disagreement does not support a Rule 59(e) motion") (citation omitted).

**2. Discussion**

As an initial matter, the Court finds that there has been no intervening change in controlling law which would affect the issues addressed in its Order granting summary judgment. Moreover, no new evidence has been presented. Accordingly, reconsideration is not warranted on either of the first two grounds set forth in *Collison*, 34 F.3d at 235. Therefore, the Court need only determine if Defendant has shown the need for the Court "to correct a clear error of law or prevent manifest injustice." *Id.*

First, Plaintiff argues that the Court did not properly review whether the facts supported a warrantless arrest, and that the Court erred in relying solely on Defendant Jordan's affidavit. The Court finds no clear error of law in the analysis in its Order, and no need to prevent manifest injustice. Moreover, the Court notes that, for the reasons set forth in its Order and below, reliance on Defendant Jordan's affidavit was proper.

Plaintiff then attempts to raise the argument that he was not given sufficient opportunity to conduct discovery. This argument is untimely, as it should have been raised at the very latest in response to Defendants' Motion for Summary Judgment. As the Fourth Circuit has explained, a party opposing summary judgment "cannot complain that summary judgment was granted without discovery unless that party had made an attempt to oppose the motion on the grounds that more time was needed for discovery." *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996). Therefore, the Court finds reconsideration is not appropriate as this argument is not timely.

As to Plaintiff's claim that Defendant Jordan's affidavit was defective because it was conclusory and there was no evidence supporting it, the Court finds that reconsideration is not warranted. The Court sees no clear error of law in its ruling or need to prevent manifest injustice.

As the Fourth Circuit has explained, the Federal Rules of Civil Procedure require that "affidavits submitted on summary judgment contain admissible evidence and be based on personal knowledge," in other words, they must "must present evidence in substantially the same form as if the affiant were testifying in court." *Evans*, 80 F.3d at 962. Moreover, affidavits "cannot be conclusory or based upon hearsay." *Id.* (citing *Md. Highways Contractors Ass'n v. Maryland*, 933 F.2d 1246, 1252 (4th Cir. 1991), *cert. denied*, 502 U.S. 939, 112 (1991); *Rohrbough v. Wyeth Labs., Inc.*, 916 F.2d 970, 972 n.3 (4th Cir. 1990)). Jordan's affidavit was based on personal knowledge, alleged detailed facts and was not conclusory, and was not based upon hearsay. Therefore, it was appropriate evidence for the Court to consider and rely on in its ruling. Accordingly, the Court finds no error of law or manifest injustice in its reliance upon that evidence in granting summary judgment. *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002).

Plaintiff then argues that Defendant Jordan did not set forth any exigent circumstances which would justify a warrantless arrest. As the Court explained in its Order granting summary judgment, a warrantless arrest need only be "reasonable under the circumstances" and "supported by probable cause to believe that a criminal offense has been or is being committed." *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). Exigent circumstances are not required where the arrestee is not in the home. *See Welsh v. Wisconsin*, 466 U.S. 740 (1984) (noting that "absent probable cause and exigent circumstances, warrantless arrests *in the home* are prohibited by the Fourth Amendment" (emphasis added)). In his Response in Opposition to Summary Judgment, Defendant admitted that, when he was arrested, he was "entering his vehicle" when "a deputy asked him to step back out of the car." *See* ECF No. 59 at 1. The deputy "then read plaintiff the Miranda rights and told him he

4

was being placed under arrest." *Id.* Thus, the Court finds that there is no clear error of law or need to correct manifest injustice.

Plaintiff's next argument is that the Court improperly stated Defendant Jordan testified he spoke to Solicitor Kenard Redmond out of an abundance of caution. The Court notes Defendant Jordan did not use those exact words, but the Court was not directly quoting Defendant Jordan's affidavit. In any event, Defendant Jordan explicitly stated that he "felt there was probable cause to arrest Mr. Addison for burglary," but that before he did so he "contacted the Deputy Solicitor . . . to review the facts with him." Jordan Aff., ECF No. 51-1, at ¶ 6. The Court finds that the language used in its Order was appropriate and correctly reflected what transpired. Defendant Jordan thought there was probable cause, but wanted to verify whether the Deputy Solicitor agreed with his assessment. This demonstrates Defendant Jordan's actions were taken "out of an abundance of caution"; otherwise, he would have gone ahead and arrested Plaintiff. Therefore, the Court finds no clear error of law or need to prevent manifest injustice.

Plaintiff then argues that he was not read his *Miranda* rights. *See* ECF No. 79 at 5. The Court agrees with Defendants that it appears as though the Rule 59(e) motion was the first time Plaintiff raised this argument. Therefore, it is not properly before the court. *See Hill*, 277 F.3d at 708. Regardless, this argument is inappropriate because Plaintiff specifically alleged in his Complaint that he *was* read his *Miranda* rights. *See* ECF No. 1 at 3 ("As the plaintiff was entering his vehicle one of the deputies asked him to step back and out of the car. He then read him his Miranda rights . . . .").

Finally, Plaintiff argues that Defendant Jordan "is employed by Chesterfield Co. Sheriff Dept." and "Sheriff acted for county, not state, in investigating crime and was thus subject to 1983

liability." ECF No. 79 at 5.  The Court construes this argument to relate to its ruling that Defendant Chesterfield County Sheriff Department ("Defendant CCSD") is not subject to suit under § 1983.  Neither the Magistrate Judge nor the undersigned examined the issue of whether Defendant Jordan was or was not subject to 1983 liability in his individual capacity solely by virtue of where he was employed.  Thus, this argument is not relevant to the extent it relates to Defendant Jordan.

In the R & R, the Magistrate Judge found that Defendant Chesterfield County Sheriff's Department was not a "person subject to suit" under § 1983, and recommended that Defendant Chesterfield County Sheriff's Department's motion for summary judgment be granted on this ground.  *See* ECF No. 66 at 7–8.  The Magistrate Judge also recommended granting the motion on the merits in favor of both Defendants, finding that the warrantless arrest was appropriate.  *See id.* at 3–6.  Plaintiff did not object to the recommendation about Defendant CCSD not being a "person" subject to suit, and since it found no clear error, the Court adopted this recommendation.  *See* ECF No. 71 at 5.  Accordingly, the Court granted summary judgment in favor of Defendant CCSD with regard to this issue.  The Court also held that Plaintiff's claim failed on the merits as to both Defendants.  *See id.* at 5.  Thus, the Court further found that Defendant Chesterfield County Sheriff was entitled to summary judgment on the merits as well.  *See id.*

Plaintiff's Rule 59(e) motion asserts that his claim against Defendant CCSD was appropriate because the sheriff acted for the "county, not state" in investigating crime.  The Court, however, finds no clear error with its determination that summary judgment is appropriate in favor of Defendant CCSD.  Municipalities and local government units, such as counties, are treated as "persons" under § 1983.  *Monell v. Dep't of Social Services of N.Y.*, 436 U.S. 658, 690 (1978)).  Sheriffs' Departments in South Carolina, however, have repeatedly been held to be exempt from §

6

1983 liability, as they are considered state agencies. *See, e.g.*, *Carroll v. Greenville Cnty. Sheriff's Dep't*, 871 F. Supp. 844, 846 (D.S.C. 1994) ("It is well established in this state that a sheriff's office is an agency of, and a sheriff 'dominated by,'" the state, such that a suit against the sheriff in his official capacity is a suit against the State."); *see also Wirtz v. Oconee Cnty. Sheriff's Dep't*, No. 8:13-1041-RMG, 2013 WL 5372795, at * (D.S.C. Sept. 24, 2013) ("Under South Carolina law, a sheriff's department is a state agency, not a department under the control of the county. . . . Therefore Plaintiff's § 1983 claim for . . . damages against the Sheriff's Department must be dismissed."); *Ramos v. Berkeley Cnty.*, No. 2:11-3379-SB, 2012 WL 5292895 (D.S.C. Oct. 25, 2012) ("[T]he law appears clear that overall in South Carolina, sheriff's departments are state agencies and not municipal departments."); *Edwards v. Lexington Cnty. Sheriff's Dep't*, 668 S.E.2d 127, 127 n.1 (S.C. 2010) ("[U]nder South Carolina law, the sheriff and sheriff's deputies are State, not county, employees.").

Therefore, the Court finds that, contrary to Plaintiff's assertion, Defendant CCSD was not subject to suit under § 1983. Thus, summary judgment in favor of Defendant CCSD was appropriate. Since sheriffs' departments are considered state agencies in South Carolina, § 1983 claims asserted against them are barred by the Eleventh Amendment. *See Md. Stadium Auth. v. Ellerbe Becket Inc.*, 407 F.3d 255, 260 n.8 (4th Cir. 2005) ("Eleventh Amendment immunity extends to state agencies and other governmental entities that can be viewed as 'arm [s] of the State.'" (citation omitted)). Accordingly, the Court finds no clear error of law or need to prevent manifest injustice, and denies reconsideration.

## II.     Motion to Stay

Plaintiff requests that the action be stayed for the following reasons: (1) he has limited abilities to litigate the proceedings due to limited knowledge of law; (2) he has not yet participated in discovery; (3) and he has limited access to the law library and courts.  *See* Mot. to Stay, ECF No. 80 at 1.  He also requests a stay until "a Judgment there to the motion requesting appointment of counsel." *Id.*

In light of the Court's Order denying reconsideration, Plaintiff's motion to stay is moot.  A final judgment on the merits has already been entered in this matter, and, as discussed above, the Court declines to reconsider its Order.  As previously noted, prior to the summary judgment stage the parties were given ample time to participate in discovery.  *See* Scheduling Order, ECF No. 26 (indicating that discovery shall be completed no later than March 4, 2013).  Plaintiff never requested any extensions of this deadline or otherwise indicated any difficulty with serving discovery in that time frame until he filed the Motion to Stay and the Motion to Alter or Amend. Moreover, Plaintiff's most recent motion to appoint counsel was already denied by the Court as moot, as it was filed subsequent to the Court's order granting summary judgment and dismissing the matter.  Plaintiff's remaining arguments are untimely. Therefore, the Court denies the motion to stay.

## CONCLUSION

**IT IS THEREFORE ORDERE**D that Plaintiff's Motion to Alter or Amend is **DENIED**. Plaintiff's Motion to Stay is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

                                          s/ R. Bryan Harwell
                                          R. Bryan Harwell
                                          United States District Judge

Florence, South Carolina
April 4, 2014